559 P.2d 763

**In the Matter of the ESTATE of Yick YEE, Deceased.**

**BOW JIN CHIN and Sen Gan Yee, Appellants,**

v.

**Boyd YEE, Executor, Respondent.**

**No. 12050.**

Supreme Court of Idaho.

Feb. 2, 1977.

D. Blair Clark, Anderson, Kaufman, Anderson & Ringert, Boise, for appellants.

John S. Chapman, of Martin, Chapman, Martin & Hyde, Boise, for respondent.

BAKES, Justice.

This is an appeal from a judgment of the district court affirming a magistrate's order which approved the final distribution of an estate pursuant to the will of the decedent, Yick Yee. The magistrate ruled that the objectors to the will, the children of the decedent by his first marriage, had failed to present evidence sufficient to overcome the presumption that Yick Yee's second marriage was valid, and declared the second

wife, Chow Lun Wong Yee, to be his lawful widow. We affirm.

Yick Yee was born in China in the 1890's and died in Boise on January 10, 1973. In 1915 he married Yee Ken Sue in China, and they had two children, the objectors and appellants in this case, Bow Jin Chin and Sen Gan Yee. During the 1920's Yick Yee made several trips to the United States and in 1930 he returned to China and brought his son Sen Gan Yee to the United States with him. In the 1930's Yick Yee lived in Boise and became acquainted with Mabel Kwong and her husband. Yick Yee became interested in Mabel Kwong's niece, Chow Lun Wong, who was at that time living in China. In 1937, Yick Yee had Chow Lun Wong brought to this country in order that they could be married. Prior to and at the time of the marriage, Yick Yee represented himself to Chow Lun Wong as a widower and so represented himself to the Los Angeles County Clerk when applying for a marriage license. The couple were married in a Chinese Methodist church in Los Angeles on December 10, 1937.

Yick Yee and Chow Lun Wong Yee moved immediately to Boise where Yick Yee operated a Chinese herb shop. At the time of the marriage, neither party had any assets. During the marriage, the second Mrs. Yee made a substantial pecuniary contribution to the marriage by working in the Chinese vegetable gardens in Boise and later in a nursing home. In 1960, she began working full time and at the time of trial was the head cook at St. Alphonsus Hospital. After imports from Communist China became restricted in the late 1940's, Yick Yee's herb business declined, but they were able to live on Mrs. Yee's income and they made several lucrative real property investments during the 1950's and 1960's. Yick Yee and Chow Lun Wong Yee lived together as man and wife for 36 years and had six children.

Yick Yee's will, which was executed in 1969, was admitted to formal probate and the eldest son of Yick Yee and Chow Lun Wong Yee was named personal representative. The will left all of the decedent's

personal effects to Chow Lun Wong Yee and left his one half of the community property to the Yick Yee Family Trust. The objector-appellants, Bow Jin Chin and Sen Gan Yee, were acknowledged in the will as children of a previous marriage and were left specific devises of $1,000 each.

Sen Gan Yee and Bow Jin Chin (who had also come to the United States and lives in Chicago) filed their objections to the petition for distribution under the will, alleging that Yee Ken Sue was Yick Yee's lawful widow and was entitled to one half of all the property accumulated by Yick Yee which was included in the estate inventory. The children of Yee Ken Sue and Yick Yee claimed a right to this one half of the property by virtue of an assignment of Yee Ken Sue's right to the estate to them.

In his memorandum opinion and order, the magistrate found that Yick Yee and Yee Ken Sue had been validly married in China in 1915, but that Chow Lun Wong Yee was the lawful widow of Yick Yee because the strong presumption of the validity of an existing marriage had not been rebutted by the objectors in this case. The order approving the final distribution of the estate was appealed by the objectors to the district court which affirmed the order of the magistrate.

Many interesting questions are raised by this record concerning the life and customs of the Chinese immigrant in this country. However, this Court is concerned only with the following question of law that is presented in this case: does the record support the magistrate's finding and conclusion that Yick Yee's second marriage was valid? We note that the resolution of the factual dispute in this case is complicated by the fact that two of the three principals were not present (Yee Ken Sue, the first wife, is in China and Yick Yee is deceased) and consequently there are gaps and voids in the record, notably from 1930 to 1937, during which period Yick Yee's actions are largely unknown.

I.C. § 32–207 provides:

"32–207. POLYGAMOUS MARRIAGES.—A subsequent marriage contracted by any person during the life of a former husband or wife of such person, with any person other than such former husband or wife, is illegal and void from the beginning unless:

"1. The former marriage of either party has been annulled or dissolved;

.   .   .."

The opinions of this Court dealing with cases in which it is alleged that a subsequent marriage is illegal and void hold that:

"When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of proof, the law raises a strong presumption of its legality, casting the burden of proof upon the party objecting and requiring him in every particular, to make plain, against the constant pressure of this presumption the truth of law and fact that the marriage is illegal and void." *Mauldin v. Sunshine Mining Co.,* 61 Idaho 9, 17, 97 P.2d 608 (1939).

This rule has also been stated in *Nicholas v. Idaho Power Co.,* 63 Idaho 675, 125 P.2d 321 (1942):

"It is a well-recognized and wholesome presumption of law, that one, who enters into a second marriage contract with a third party, does so lawfully; and, that the first husband or wife was either deceased or had obtained a divorce prior to such second marriage." 63 Idaho at 682, 125 P.2d at 324.

In *Estate of Tormey,* 44 Idaho 299, 256 P. 535 (1927), this Court held:

"[A]ppellants did not show by clear, cogent, and satisfactory evidence that no divorce had been obtained prior to the second marriage; therefore the presumption of the validity of the second marriage is not overcome   .   .   .." 44 Idaho at 306, 256 P. at 537.

These older cases in which this Court set forth the presumption of the validity of a second marriage and the companion presumption that the first marriage was terminated were of course factually distinguishable from the case at bar. However, we regard these presumptions as equally controlling in this case.

The appellants presented testimony at the hearing before the magistrate of an expert in Chinese customs who stated that divorce is uncommon in China and that plural marriages are acceptable under Chinese law. From this testimony the magistrate could have inferred that Yick Yee did not obtain a divorce before he married Chow Lun Wong and that the three principals in this case recognized both marriages as valid under Chinese custom. However, he declined to do so.

The marriage of Yick Yee and Chow Lun Wong was contracted in the United States and they lived in Idaho. All of the property that is at issue in this case was accumulated by the joint efforts of Yick Yee and Chow Lun Wong Yee, and indeed it appears that the bulk of the estate may be attributed to the efforts and business acumen of Chow Lun Wong Yee. Under the particular facts of this case, appellants were required to rebut two presumptions which our cases of *Nicholas v. Idaho Power Co. supra,* and *Estate of Tormey, supra,* raise. The first presumption is that the second marriage to Chow Lun Wong Yee, which had lasted for thirty-six years and produced six children, was valid; the second presumption is that the prior marriage had been terminated. Appellants did not present any evidence of a search of county or state records to find if a divorce had been obtained, *see e. g., Nicholas v. Idaho Power Co., supra; Estate of Tormey, supra.* Appellant Sen Gan Yee did testify at trial that his parents had not been divorced. However, we note that Sen Gan Yee had lived in San Francisco since coming to this country in 1930 and had not lived with either of his parents since prior to that time, and also that he admitted in his testimony that he never discussed this subject with either of his parents. The magistrate was not bound by Sen Gan Yee's assertion that his parents had not been divorced.

In *Huff v. Huff,* 20 Idaho 450, 118 P. 1080 (1911), an early case similar to the case at bar, this Court first articulated the presumption in favor of the validity of a marriage and the removal of a prior impediment. The Court reasoned:

"It would be sad and unfortunate indeed for this court now to say under this state of facts that the marriage relationship which existed to all intents and purposes and as fully and completely as human nature could bring about was illegal, and that the issue of such marriage is illegitimate; that although for 30 years the parties lived together ostensibly as man and wife and conducted themselves toward each other as such, and conducted themselves in the community where they lived as man and wife, and held themselves out as such and were treated as such, and accumulated property under such relationship, yet the law will not presume that they had been legally married." 20 Idaho at 460, 118 P. at 1083.

Taken as a whole, the record supports the findings and conclusions of the magistrate who, relying on the strong presumptions set forth in the previous decisions of this Court, ruled that Yick Yee's first marriage had been terminated and that his marriage to Chow Lun Wong Yee was valid.

Affirmed. Costs to respondent.

McFADDEN, C. J., and DONALDSON and BISTLINE, JJ., concur.

SHEPARD, J., concurs in result.